# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ANDREW RALPH MCGILL,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 17-13071
Hon. Terrence G. Berg

## **ORDER ADOPTING REPORT AND RECOMMENDATION**

This case arises out of Plaintiff's dispute of the Social Security Administration's calculation of his Social Security Retirement Insurance Benefit. This matter is before the Court on Magistrate Judge Anthony P. Patti's February 1, 2019 Report and Recommendation (ECF No. 17). Magistrate Judge Patti recommends that Plaintiff's motion for summary judgment be denied, that Defendant's motion for summary judgment be granted, and that the findings and conclusions of the Commissioner be affirmed.

The Court has reviewed Magistrate Judge Patti's report and recommendation, and Plaintiff's objections thereto. For the reasons set forth below, Plaintiff's objections are **OVERRULED**, and the report and recommendation is **ACCEPTED** and **ADOPTED** as the Court's findings of fact and conclusions of law. Consequently, the

decision of the Commissioner denying Plaintiff's claims for retirement insurance benefits is **AFFIRMED**.

Plaintiff filed timely objections to Magistrate Judge Patti's February 1, 2019 Report and Recommendation. ECF No. 18. Defendant replied to the objections on February 26, 2019. ECF No. 19. This Court reviews *de novo* parts of a report and recommendation to which a party objects. *Bass v. McMahon*, 499 F.3d 509 (6th Cir. 2007). In conducting that *de novo* review, "[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id*. After careful analysis of the record, including Plaintiff's objections, the Court concludes Plaintiff's objections do not warrant reaching a conclusion contrary to the Administrative Law Judge (ALJ) or the Magistrate Judge's Report and Recommendation.

### I. Background

Plaintiff McGill filed an application for retirement insurance benefits on June 4, 2009. The SSA informed Mr. McGill that he could collect monthly retirement benefits beginning in September 2009. On March 8, 2011, the SSA determined that it had overpaid Plaintiff's retirement benefits in the amount of $4,990.00 and that he was required to pay that amount back. But several years later,

2

on January 4, 2014, the SSA informed Plaintiff that the $4,990.00 overpayment was calculated in error, and that none of his 2010 benefit should be withheld. Between 2011 and 2013, Plaintiff's benefit was recalculated several times and the SSA determined that he was in fact liable for additional overpayments.

In Plaintiff's own words, "On March 27, 2015, Petitioner sought Administrative Law Court review after a series of conflicting decisions regarding overpayments from 2011 through 2013." SSA Appeals Council Request, ECF No. 11 PageID.76. The details of the decisions are set forth in the ALJ's decision—Plaintiff does not contest this portion of the decision:

> On November 1, 2014, the Social Security Administration issued a notice informing the claimant that he was overpaid Title II benefits in the amount of $15,817.00 from 2011 to 2013. On November 3, 2014, the claimant filed a request for reconsideration, disputing the facts and the amount of the overpayment. The claimant's reconsideration request resulted in a revised decision on February 2, 2015, which determined that the proper overpayment amount for 2011 was $1,081.00.

Decision of the ALJ, ECF No. 11, Tr. 12 PageID.83. The ALJ ultimately found that Plaintiff "was overpaid benefits in the amount of $1,081.00 in 2011 and $14,202.00 in 2012," *Id.* at PageID.84, and that he was liable for this amount. *Id.* at PageID.85. The ALJ also determined that it did not appear that Plaintiff was overpaid in 2013, but deferred "any further development of this issue to the

payment center component of the Social Security Administration." *Id.* Plaintiff requested review from the SSA Appeals Council; the Appeals Council declined to review the ALJ's decision. ECF No. 11, Tr. 1 PageID.68.

## II. Legal Standard

In cases where the SSA's Appeals Council denies review, the ALJ's decision stands as the Commissioner's final decision. *See* 20 C.F.R. § 404.981. Limited judicial review of the Commissioner's disability determination by a federal district court is permitted under 42 U.S.C. § 405(g). The scope of that judicial review is circumscribed in that the reviewing district court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).

Substantial evidence is "such relevant evidence as a reasonable mind might accept to support the ALJ's conclusion." *Bass*, 499 F.3d at 509 (quotation marks omitted). This substantial evidence standard is less exacting than the preponderance of evidence standard. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) ("Substantial evidence is . . . more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reason-

4

able mind might accept as adequate to support a conclusion."). Satisfying the substantial evidence standard does not require finding that a decision for the other party would be unreasonable. Instead, if the ALJ's decision is supported by substantial evidence, "then reversal would not be warranted *even if substantial evidence would support the opposite conclusion.*" *Bass*, 499 F.3d at 509 (emphasis added).

### III. Analysis

The Court finds reversal of the ALJ's decision is not warranted in this case because the ALJ's decision was supported by substantial evidence.

Plaintiff's first objection is that the ALJ did not apply the $4,990.00 credit from 2010 to the finding of liability for the amount Plaintiff was overpaid. But the ALJ did not consider that issue because it was not before the ALJ for a hearing. In Plaintiff's request for a hearing by the ALJ, he writes, "The decision to allow business loss deductions for 2011 also should have been applied to 2012 and 2013. Also similar deductions for work related expenses (teaching) should have been permitted, as they were in 2012 in a prior review." ECF No. 11-1, Tr. 182 Page ID.250. Plaintiff does note in his statements of facts to the ALJ that "whatever the determination of the present petition, that 2010 credit should be attributed to Petitioner in any final reconciliation." ECF No. 11-1, Tr. 186 PageID.254. But

the request for a hearing did not ask the ALJ to rule on any issue related to the 2010 credit. And by all accounts, there has been no "final reconciliation" because the amount of the 2013 overpayment is still subject to further development by payment center component of the SSA. Therefore, the ALJ's failure to apply the credit to reduce total liability does not violate the substantial evidence standard.

Plaintiff argues that the form he filled out to request the hearing asks only for the determinations with which he "disagree[s]." Because he did not disagree with the $4,990.00 credit, he could not rightfully put that information in the space used for articulating the issue on which the petitioner wishes to have a hearing. But the form is structured this way because the purpose of providing a hearing to a social security petitioner is to allow him to have a dispute heard by an administrative law judge. A Plaintiff is not entitled to have an ALJ hear a matter with which the Plaintiff *agrees*. Such a practice would defy logic. In addition, nothing prevented Plaintiff from adding a sentence to his statement of the issue that put the assessment of the $4,990.00 credit within the purview of the ALJ's review of the case.

Finally, in the notice of hearing, the ALJ described the issues he would consider: "whether you were 'without fault' as defined in 20

CFR § 404.507 in causing the overpayment and, if so, whether recovery of the overpayment would (1) defeat the purpose of Title II of the Act, as defined in 20 CFR § 404.508, or (2) be against equity and good conscience as defined in 20 CFR § 404.509." The notice directs Plaintiff to tell the ALJ in writing if Plaintiff disagrees with the way the issues are stated. ECF No. 11-2, Tr. 230 PageID.299. There is no record of Plaintiff disagreeing with the ALJ's statement of the issue. Plaintiff filled out his acknowledgement of receipt of notice of the hearing on June 10, 2015. ECF No. 11-2, Tr. 260 PageID.329.

In his letter to the SSA Appeals Council, prepared after the ALJ made his determination, Petitioner again framed the issue as the calculation of his overpayment between 2011 and 2013. ECF No. 11-2, Tr. 263 PageID.338 ("The issue under review involves conflicting decisions regarding Social Security overpayments to Petitioner from 2011 through 2013."). While the 2010 credit could be relevant to the amount Petitioner must pay in overpayment penalties, this question was not properly before the ALJ in Plaintiff's own statement of the issue. Therefore, the ALJ—rightly—did not make any finding on the matter. Contrary to Plaintiff's assertion, the ALJ did not "effectively dismiss[] Plaintiff's claim regarding the 2010 refund of $4,990.00," nor does this Court. Rather, the Court finds that the

7

ALJ properly determined the issue put to him—namely, whether the calculation of overpayment between 2011 and 2013 was correct.

Petitioner takes issue with the Magistrate Judge's statement that "the existence of a credit is not readily apparent from other documents, such as the SSA Payment Worksheet (R. at 181) or the April 30, 2015 Title II overpayment Summary (R. at 221-224)." ECF No. 17 PageID.433. Petitioner reads this statement to mean that the Court is uncertain whether Petitioner was actually due a credit. But the Court reads this sentence to mean that it is simply unclear whether the credit was ever *applied* to determine the amount of future benefit payments. This, as the Magistrate Judge notes, is a matter for the SSA to calculate now that the ALJ has determined the amount of overpayment for 2011–2013.[1]

Petitioner states that the SSA's determination of the 2010 credit is "without dispute." Since this is the case, there is no reason for the ALJ to hear argument about it. Plaintiff must work with the SSA

---

[1] The SSA's online resources indicate that "[a]mounts refunded . . . by the individual in excess of the overpaid amount" will be returned to the individual or the individual's estate. SOCIAL SECURITY ADMINISTRATION, *SSI Underpayment Definitions and General Rules*, SI 02101.001 (Jun. 22, 2016), http://policy.ssa.gov/poms.nsf/lnx/0502101000. While this language appears in the section about Supplemental Security Income (SSI) rather than Retirement Insurance Benefits, the underlying principle logically applies to both kinds of benefits.

8

to determine his total amount due after the ALJ, as Plaintiff requested, calculated his liability for overpayments between 2011 and 2013.

Plaintiff frames his second objection as a separate issue by adding the heading "Objection No. 2," but it is identical in substance to his first. Plaintiff states, "The Magistrate Judge's finding that the ALJ's decision is consistent with having considered 'all available evidence' and states 'findings and conclusions, and the reasons or basis thereof, on all material issues of fact, law or discretion presented on the record' fails to consider evidence related to the 2010 refund of $4,990.00, which the ALJ was required to act upon." ECF No. 18 PageID.459.

The only way in which Plaintiff's second objection differs from his first is that the second focuses on the evidence related to the 2010 refund, arguing that the ALJ erred by not issuing any ruling on the admissibility of the evidence about the 2010 refund or on the existence of a credit at all. As discussed above, the ALJ was not obligated to rule on an issue not before him. *See* 5 U.S.C. § 557(c)(3)(A). While Plaintiff did discuss the 2010 credit in his prehearing brief, there simply was no issue related to that credit on which the ALJ could make a ruling. As Plaintiff notes, he did not disagree with the SSA's finding that he was due a credit for the

9

2010 overpayment. This matter was not in dispute; therefore, the ALJ properly did not make a finding about that credit.

IV. Conclusion

In sum, Plaintiff's objection does not warrant declining to adopt Magistrate Judge Patti's Report and Recommendation. As such, the Court hereby **ACCEPTS AND ADOPTS** Magistrate Judge Patti's Report and Recommendation (ECF No. 17) as this Court's findings of fact and conclusions of law. Plaintiff's motion for summary judgment (ECF No. 14) is **DENIED**, Defendant's motion for summary judgment (ECF No. 15) is **GRANTED**, and the findings and conclusions of the Commissioner are **AFFIRMED**.

**SO ORDERED**.

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated: March 25, 2019

## Certificate of Service

I hereby certify that this Order was electronically submitted on March 25, 2019, using the CM/ECF system, which will send notification to each party.

s/A. Chubb<br>
Case Manager